IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY L. SOLLY,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:24-cv-1249** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **LISA HOYING, CHAIRPERSON** | : | **Magistrate Judge Shimeall** |
| **OHIO PAROLE BOARD,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter comes before this Court on Plaintiff Gregory Solly's Objections (ECF No. 8) to the Magistrate Judge's Report and Recommendation (ECF No. 7). In the Report and Recommendation, the Magistrate Judge recommended that this Court dismiss Plaintiff's Complaint in part and allow some of the claims to proceed to further development (ECF No. 7). For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 7) and **OVERRULES** Plaintiff's Objections (ECF No. 8). Plaintiff's Complaint (ECF No. 6) is **DISMISSED in part**.

### I.   BACKGROUND

#### A.  Factual Background

Plaintiff Gregory L. Solly is a prisoner at Allen/Oakwood Correctional Institution ("AOCI") proceeding *pro se*. (ECF No. 7). Solly was "convicted in 1980 of the murder of a five-year old boy." *Solly v. Mausser*, 2018 WL 1070504, at *1 (S.D. Ohio Feb. 27, 2018); *see also State v. Solly*, 6th Dist. Lucas, 1983 WL 2335, at *1 (Dec. 23, 1983). He is currently serving "an indefinite sentence of fifteen years to life, with parole eligibility after serving fifteen years." *Solly v. Mausser*, 2018 WL 1070504, at *1. In his Complaint, Solly brings various Section 1983 claims.

1

(ECF No. 1). First, Solly alleges that Defendants, members of the Ohio Parole Board, denied him a meaningful and purposeful parole hearing as promulgated by Ohio Department of Rehabilitation and Correction Ohio Administrative Code. (*Id.* at 3). He further alleges violations of his First Amendment rights, equal protection violations, that Defendants "unconstitutionally increased Plaintiff's crime from 2nd degree murder to aggravated murder [2x]," and Eighth Amendment violations. (*Id.* at 3–4). The Complaint names the following parties as defendants: Lisa Hoying, Chairperson for the Ohio Adult Parole Authority and member of the Central Office Board of Review ("COBR"); Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Glenn Holmes, Ohio Parole Board ("OBP") Member; Scott Widmer, OBP Member; Joe Brumfield, OBP Member; Lance Pressley, OBP Member; Steve Herron, OBP Member; Scott R. Coleson, OBP Member; and Marc Houk, OBP Member. (*Id.*).

The Magistrate Judge issued a Report and Recommendation on June 18, 2024, and recommended this Court allow Solly's first two claims to proceed against seven Defendants: Holmes, Brumfield, Widmer, Pressley, Herron, Hoying, and Houk. (ECF No. 7 at 23). The Magistrate Judge further recommended this Court allow the third claim to proceed against four Defendants: Brumfield, Widmer, Pressley, and Herron. (*Id.*). Finally, the Magistrate Judge recommended this Court dismiss the remaining claims under 28 U.S.C.§1915A, including: 1) the official capacity for damages; 2) the equal protection claims under the Fourteenth Amendment; 3) the religion claim under the First Amendment; 4) the Eighth Amendment claims based on denial of parole and an "increased" offense; 5) the claim against Parole Officer Coleson; and 6) the claim against Director Chambers-Smith. (*Id.*).

Solly timely filed objections to the R&R, arguing that the Magistrate Judge erred by recommending dismissal of his equal protection claim. (ECF No. 8 at 8–11).

2

## II.  STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

## III.  LAW AND ANALYSIS

In his objections, Solly contends that the Magistrate Judge relied on faulty information from the ODRC website in dismissing his claim that he was "deliberately targeted" and "punished more severely" than his co-defendant, Phillip Jovanovich. (ECF No. 8 at 8). "To state an equal protection claim, Plaintiff must show intentional and arbitrary discrimination by the state; that is, he must show that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."

*Coleman-Young v. Bonn*, 2025 WL 718974, at *6 (W.D. Mich. Mar. 6, 2025) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Solly argues that in 2023, Jovanovich was initially granted parole by the OBP, but such decision was subsequently overturned after outcry from the public and due to the efforts of Block Parole, Inc. (*Id.* at 9). Solly bases his arguments on a narrative displayed on Block Parole's website contending that the organization successfully prevented the release of Jovanovich. (*See* ECF No. 8 at 9). The website provides in relevant part:

> Solly and Jovanovich came up again for parole in 2023. Solly was denied parole and given another maximum 10-year-continuance. Unbelievably Jovanovich was granted parole. The 2023 records for Jovanovich state, "The Board finds that Incarcerated Adult has served a sufficient portion of his sentence, has completed programming to abate his risk to re-offend, and has a supportive release plan, thereby rendering him suitable for release onto parole supervision at this time."
>
> We were shocked and appalled by the Ohio Parole Board's decision the release Jovanovich. In over 20 years we cannot recall ever seeing an inmate go from a 10-year maximum continuance to being granted parole. We never would have imagined it would happen in the case of a horrific child killer who 33 years later, "takes no responsibility for his behavior for any of his actions and does not seem to grasp the seriousness of the offense."
>
> Jovanovich was days away from getting an official release date when we contacted the Lucas County Ohio Prosecutor's Office. After presenting our facts, the Prosecutor's Office agreed to request a Full Board Hearing to urge the Ohio Parole Board to reconsider their decision.

*See* "Phillip Jovanovich," Block Parole's website, https://www.blockparole.com/inmate/phillip-jovanovich/ (last visited Apr. 7, 2026).

Solly contends that "had Jovanovich's initial parole decision sheet been recorded and posted on ODRC's website, the Magistrate Judge would have found that Plaintiff's claim is correct and that Plaintiff was not equally treated the same as his co-defendant." (ECF No. 8 at 9). Notably, however, Solly provides this Court with no proof of this initial parole decision sheet. Instead, he merely relies on the information listed on Block Parole's website as factual without any support

4

for its veracity. Even if this Court were provided with such information, Solly's claims would still be deficient. As the Magistrate Judge correctly opined, the ultimate outcome as provided on the ODRC website is that Solly and his co-defendant were both denied parole and given a 10-year continuance. (ECF No. 7 at 13); *See* "Offender Details" for Phillip Jovanovich, ODRC's website, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A161429 (last visited Apr. 7, 2026); "Offender Details" for Gregory Solly, ODRC's website, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A160947 (last visited Apr. 7, 2026). As such, Solly has failed to establish that he was treated differently than a similarly situated individual to support an equal protection claim.

Second, Solly challenges the Magistrate Judge's finding "that plaintiff made only a conclusory statement that he was treated differently than others, and has failed to state a plausible equal protection claim." (ECF No. 8 at 10). Solly seemingly interpreted this to mean that his Complaint was deficient in that he did not name the other individuals who were similarly situated and thus provided a list of various individuals who he contends are similarly situated. In his objections, Solly merely provides a list of names, yet fails to expand upon how these individuals are similarly situated in all relevant aspects. *See Umani v. Michigan Dept. of Corr.*, 432 F. App'x. 453, 460 (6th Cir. 2011) (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998)) ("To be a similarly-situated [individual], the comparative [individual] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it.'"); *see also Quisenberry v. Valentine,* 2024 WL 1261911, at *4 (W.D. Ky. Mar. 25, 2024) (finding plaintiff failed to demonstrate he was similarly situated with the comparator inmate in all material respects). Without

any further details regarding these alleged similarly situated inmates, Solly has failed to state an equal protection claim for which relief can be granted. This Court thus adopts the Report and Recommendation and enter it as the findings and conclusions of this Court.

For the reasons provided, this Court **ORDERS** as follows:

1. The Magistrate Judge's Report and Recommendation (ECF No. 7) is **ADOPTED** as the opinion of the Court.

2. Plaintiff's Objections (ECF No. 8) are **OVERRULED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  April 16, 2026**

6